AMELIA ALBERT, respondent,

*v.*

EMILY B. R. HAEBERLY et al., appellants.

[Argued March 9th, 1905. Decided June 26th, 1905.]

A deed of gift, made by a young woman just of age to her stepmother, of whose family she had been a member since infancy, will be set aside on the application of the donor when it appears that at the time of making the conveyance there existed between the parties to it a relationship of trust and confidence, in which the donee occupied the dominant position, and also that the donor made the gift without receiving independent advice as to its nature and effect.

On appeal from a decree in chancery.

*Mr. William I. Garrison* and *Mr. John W. Wescott,* for the appellants.

*Mr. George A. Bourgeois,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant, Mrs. Albert, seeks by her bill in this case to have set aside, and decreed to be null and void, so far as she is concerned, a deed of conveyance made by her and her sister, one of the defendants in the litigation, to the defendant Emily B. R. Haeberly, on the 1st day of December, 1902, for a plot of land in the city of Scranton, Pennsylvania. The decree of the court of chancery was in favor of the complainant.

Mrs. Haeberly is the stepmother of the complainant, having married the latter's father, William Robinson, in the year 1883, when the complainant was about two years old. Ten years later Robinson died, and four years after his death Mrs. Haeberly married her present husband. The conveyance, the validity of

which is attacked, was made by the complainant about three months after she had obtained her majority. During all the period between the time of her father's marriage to Mrs. Haeberly and the execution of this conveyance the complainant was a member of Mrs. Haeberly's family. The facts so far recited are established by the testimony on both sides. There is much conflict in the evidence, however, concerning the character of the relations existing between the complainant and her stepmother during the latter part of this period. The complainant and some of her witnesses say that she was treated more as a household drudge than as a daughter, while Mrs. Haeberly and other witnesses testify that her treatment of the complainant was that of a beloved daughter, and that the affection which she bestowed upon the complainant was returned by the latter. Just what view of this phase of the case was taken by the court below is unknown to us, as no opinion was filed in that court. We are inclined to think that the preponderance of the testimony supports the contention of the defendant upon this point.

Assuming that the relations between the complainant and Mrs. Haeberly were those of a mother and daughter, the question presented for solution is whether this conveyance, which it is admitted by the defendants had no other consideration than love and affection, is voidable at the option of the complainant, the grantor. The relationship existing between a loving parent and child is universally conceded to be one of trust and confidence, and during the youth of the child, and even after the child reaches its majority, when it continues to be a member of the parent's family, the parent ordinarily occupies the dominant position.

In the late case of *Slack* v. *Rees,* decided by this court at the last November Term (*66 N. J. Eq. (21 Dick.) 447*), we had occasion to consider the question of the validity of a deed of gift made by a father to his daughter, who was a member of his family, where, by reason of the physical condition of the father and his dependence upon the daughter for care and service, the relation ordinarily existing between parent and child had been reversed, and the daughter occupied the dominant position. We then declared, on the authority of earlier adjudi-

cations, that a deed of gift, which reserved to the donor no power of revocation, was voidable at the option of the donor, or his heirs, when it appeared that at the time of its execution there existed between the parties thereto a relation of trust and confidence, in which the donee occupied the dominant position, and also that the donor, when making the deed, did not have the benefit of competent and independent advice as to its effect. This decision controls the case now before us. An examination of the conveyance itself discloses that no power of revocation is reserved therein to the complainant, and there is nothing in the evidence submitted at the hearing which even suggests that, in the making of this gift, she received independent advice (or, in fact, any advice at all), either as to the nature or effect of the conveyance which she now seeks to avoid.

. The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY—11.

*For reversal*—None.